04-15-00663-CV



IN THE

FOURTH COURT OF APPEALS DISTRIST

AT SAN ANTONIO, TEXAS

THERESA FAYE JERRY

V.

DEUTSCHE BANK NATIONAL TRUST COMPANY and ROBERT VALDESPINO as
TRUSTEE, Et al.

BRIEF OF APPELLANT,

THERESA FAYE JERRY

Appeal from the 37th Judicial District Court of Bexar County, Texas

Trial Court No. 2014-CI-05864

Honorable Antonia Arteaga, Judge Presiding

Argument

Issues Presented

Issue 1: Is it indeed appropriate that the act's which gave rise to the suit
presented, that occurred in Bexar County, and the homestead property at 9930
Spruce Ridge Dr. Converse, Texas 78109, Lot 23, Block 5, Camelot Subdivision,
Unit 63, Bexar County Texas, according to Plat thereof recorded in Volume 9400,
pages221-222, Deed and Plat Records of Bexar County, the subject matter of this
suit which is also in Bexar County establishes this venue [28 USC 1391 (b)(C)]
and jurisdiction as proper in reference to this Appeal?

**Issue 2:** Is it lawful/legal that a Motion for Summary Judgment be granted for Traditional and No-Evidence when indeed there is evidence to dispute all allegations presented by Appellees in their motion. Alternatively, the evidence which should have been submitted by previous counsel that should have been on file was perhaps withdrawn, lost in records, or deliberately withheld from records. That leaves this Appellant with the question, what are the ramifications behind withholding, withdrawing, or losing evidence which is relevant/crucial to a case (USC 18 § 2071)? Primary example: Your Honor, you state in your decision that the Clerk's Record contains no order on a motion for summary judgment, when clearly the Appellant was sent a copy of order granting a motion for summary judgment to Deutsche Bank (see Exhibit A).

**Issue 3:** Is it lawful/legal for an Appellee to receive immunity for a harm or damage inflicted against another, intentionally or unintentionally that caused the resultant foreclosure on Appellant's Property with fraudulent documents? It is a concurrent occurrence where the Appellees', who are now referring to themselves as the Trustee, would switch from one trustee to another in an attempt to keep others off balance to their true intentions, and in the end depriving individuals of their rights (USC 42 § 1983, [Exhibits B & C]). This is like playing Russian roulette with an individual's livelihood, and the deception is hard to decipher. Alternatively, does this not cloud a Title that is voided by these fraudulent documents?

**Issue 4:** Is it not the fiduciary duty of the Appellees/Defendants, attorneys included, to be subject to the duties imposed by the common law, the duties imposed by the Texas Trust Code, and the duties imposed by the instrument creating the Trust. Tex. Trust Code Ann. § 113.051 (Vernon 1984). Even an unintentional violation can result in serious sanctions.

The Trustee shall administer the trust according to its terms and in the absence of any contrary terms in the trust instrument or contrary provisions of this subtitle, in administering the trust the trustee shall perform all of the duties imposed by trustees by the common law. Tex. Trust Code Ann. § 113.051 (Vernon 1984). The fundamental duties of a trustee include the use of the skill and prudence which an ordinary capable and careful person will use in the conduct of his own affairs. InterFirst Bank Dallas, N.A. vs. Risser, 739 S.W.2d 882, 888 (Tex. Civ. App. Texarkana 1987, no writ), citing Tucker vs. Dougherty Roofing Company, 137 S.W.2d 884(Tex. Civ. App. Dallas 1940, writ dism'd judgment cor.); Bogert & Bogert, The Law of Trusts and Trustees § 12 (2nd Edition 1985) § 541; Scott, supra, § 174; Restatement (Second) of Trusts, supra, § 174.

Why would individual plaintiffs be compelled to perform under any civil action set forth, but the defendants are not held to the same standard?

**Issue 5:** The fact that all evidence was readily available on and/or before June 19, 2014 and prior to an order granting Appellant's counsel's motion for withdrawal on September 19, 2014, why was said evidence not presented into the Clerk's Records, and if presented how where they lost or withdrawn (USC 18 § 2071)? Was it not Appellant's previous counsel's duty to protect her against unreasonable risk of injury, and would not this duty become a breach if indeed previous counsel did not submit into evidence the materials which prove the facts in Appellant's case prior to withdrawal from Appellant's case? Would his actions in this case be grounds for neglect? If so, would this not be causation according to (USC 42 §1986)?

**Issue 6: Isn't it factual that "Every Cause of Action Has to Evidence a Tangible Injury." Alternatively, this Appellant has been injured by the actions of these corporate entities, but where is their corpus delecti.**

Honorable Luz Elena D. Chapa, this Appellant is not accustomed to violating the law, but it appears that the system which has failed this Appellant is accustomed to not abiding to all the laws that it sets forth. How is it possible that part of the law can be taken, but not all the law in its totality, by all parties involved? This Appellant has spent more than $65,000.00 in mortgage payments on a note that started out at $88,650.00, over $4,000.00 in attorneys' fees on bias and incompetent legal representation/services, and an undetermined amount on obtaining and copying official documents for evidence to prove the statements which Appellant attested to in her lawsuit.

## Statement of the Case

This appeal is from a summary judgment made after a District Court judgment. The summary judgment granted a Motion for Summary Judgment against the Plaintiff/Appellant, based on a Traditional and No-Evidence Motion which was not an accurate assumption of the true facts of the case, and it deprives Appellant the rights to a fair hearing and trial on the proceedings of this mortgage fiasco.

**At the time Citibank and its affiliates (Residential Real Estate Mortgages), Et al. was handling Appellant's mortgage, November 1, 2007 to February 2009 respectively, they were being investigated by the Office of Comptroller of Currency for unsafe and unsound/fraudulent business practices, which consisted of but not limited to:**

**(a) filed or caused to be filed in State and Federal Courts affidavits executed by its employees or employees of third-party service providers that assertions made in affidavits were made based on personal knowledge or based on a review of the**

books and records, when in many cases they were not based on such knowledge and/or review of the relevant books and records;

(b) filed or caused to be filed in State and Federal Courts, and/or in local lands records offices, numerous affidavits or other mortgage-related documents that were not properly notarized, including those not signed or affirmed in the presence of a notary;

(c) litigated foreclosure proceedings and initiated non-judicial foreclosure proceedings without ensuring that either the promissory note or the mortgage document were properly endorsed or signed and in the possession of the appropriate party at the appropriate time. These repetitive violations continue to have concurrent occurrences, which these entities have committed even after being involved in lawsuits and consent judgements.

U.S. Department of Treasury Comptroller of Currency, In The Matter of Citibank, N.A. [OCC No. AA-EC-11-13]; U.S. Department of Treasury Comptroller of Currency, In The Matter of MERSCORP, Inc. and the Mortgage Electronic Registration System, Inc. (whose affiliations are with Deutsche Bank National Trust, and J.P. Morgan), [OCC No. AA-EC-11-20 (April 13, 2011)]; U.S. Securities and Exchange Commission v. Citigroup Global Markets Inc., [11 Civ. 7387 (JSR, November 28, 2011)]; The State of Texas v. American Home Mortgage Servicing Inc., 448th Judicial District, 2010-3307, District Court of El Paso, Texas; and Consumer Financial Protection Bureau, Et al., v. Ocwen Financial Corporation, and Ocwen Loan Servicing, LLC., [13-CV-2025 (RMC) May 15, 2014)].

Ocwen and its affiliates, (American Home Mortgage Servicing Inc./Homeward Residential Holdings) participated in a Consent Judgment under Ocwen National Servicing Settlement which included Texas and forty-nine other states on February 26, 2014. The Appellant's concern here is that approximately nineteen days prior to their consent of this agreement; Appellant's home was foreclosed on due to the direct actions of the above parties. Coincidence, Appellant cares to differ. It is clearly apparent that there has been a pattern in this deception and fraud placed forward. Please explain to this Appellant how her claims are addressed as frivolous and dismissed, when in fact she holds all the knowledgably/absolute facts concerning this case. Appellees allege that Appellant breach the contract when in fact the Appellees and their designated officials breached the contract.

On February 11, 2009 Citi Residential filed in the Bexar County Courthouse records a Corporate Assignment of Deed of Trust and immediately thereafter on February 23, 2009 had Appellant's mortgage transferred to American Home Mortgage Servicing Inc. with false stipulation on the amount of Appellant's monthly mortgage

payments and a different mortgage loan number. Below you will find a detailed affidavit of the facts concerning Appellant's mortgage from June 2006 through October 2015.

October 1, 2015

## Affidavit of Detailed Facts Concerning Mortgage

| Dates | Situations |
|---|---|
| June 22, 2006 | Brought home on fixed-rate from Argent with Lawrence Young as Trustee. |
| June 26, 2006 | Received letter from AMC mortgage services with a welcome letter and requesting that my payments be redirected to them starting August 1, 2006. |
| August 1, 2006 | Cut-off date for Pooling and Servicing Agreement Series 2006 Class M2 Certificates. Unknown to homeowner at time of occurrence. |
| August 17, 2006 | Argent sold Series 2006 M2 Certificates to J.P. Morgan Securities Inc, (Underwriter's Agreement). Unknown to homeowner at time of occurrence. |
| August 29, 2006 | A Series of certificates entitled Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-M2 were issued pursuant to the Pooling and Servicing Agreement dated as of August 1, 2006. Unknown to homeowner at time of occurrence. |
| October 31, 2007 | I received a letter from Citi Residential Lending stating they had sent me a welcome package and notification of servicing transfer, which I had not received. This letter also discussed an inadvertent data processing error of their system. |
| November 2007_1st Week | Received a letter from Citi Residential Lending, dated October 4, 2007 of Notice of Intention to Foreclose. After the back and forth conversations with several different staff members at Citi and informing them of monies paid to AMC, I Was instructed to hold my payments while they worked on a modification for my home. |
| November 7, 2007 | Property tax deferment granted by Bexar County and Judson Independent School District, for the Property at 9930 Spruce Ridge. |
| December 29,2007 | I paid a $500.00 difference that was requested by Citi Residential Lending. |

| | |
|---|---|
| **January 2008** | I received a letter from Citi Residential Lending with a forbearance plan agreement by Sara Kaplan stating a default amount in the sum of $2,660.09 for October 1, 2007 through January 31, 2008. This amount was in error because I had already paid over $2,191.49 between those specified dates. |
| **June 24, 2008** | I received a letter from Citi Residential dated June 17, 2008 stating Notice of Intention to Foreclose for breach in Note and Security Instrument. |
| **June 25, 2008** | Called Citi Residential, spoke with Shantell who only gave me information to bring my house current, which was not an accurate figure. |
| **September 23, 2008** | I received a letter from Citi Residential dated September 17, 2008 for Notice of Intention to Foreclose. |
| **October 2008** | Due to Citi Residential Lending constant threats of foreclosure and their total disregard of the deferment on the property taxes at 9930 Spruce Ridge Dr., I sort to obtain a loan modification to abate the duress that I was being subjected too. |
| **November 17, 2008** | I received a letter from Citi Residential dated November 11, 2008 denying my request for a loan modification. |
| **November 20, 2008** | I received a letter from Citi Residential dated November 14, 2008 for Notice of Intention to Foreclose. |
| **December 30, 2008** | I received another letter from Citi Residential dated December 22, 2008 for Notice of Intention to foreclose, and they attempted to increase my monthly mortgage payments to $1,301.12. |
| **February 2009** | I received a monthly billing statement from American Home Mortgage Servicing Inc. dated February 23, 2009, with a new loan number of 4001337056 and a monthly mortgage payment of $1,332.17. It also had a balance owed of $9,660.54. The dispute about my monthly payments and balance went on for months. |

| | |
|---|---|
| **April 2009** | Due to the constant duress that now American Home Mortgage Servicing Inc. (AHMSI) was subjecting me to because of the constant opposition of my monthly payments and what is owed; I again requested a loan modification. |
| **May 2009** | American Home Mortgage Servicing Inc. sent me a letter dated May 18, 2009 denying me a loan modification. |
| **August 29, 2009** | I signed for a letter from AHMSI stating that I was in default for non-payment since January 2009, which is not accurate because they were sent a payment of $706.93 each and every month in accordance with my original mortgage documents. |
| **October 9, 2009** | I received a letter from AHMSI, dated September 28, 2009 stating that I am not eligible for the Home Affordable Modification Program (HAMP). |
| **November 13, 2009** | I signed for a letter from Attorneys for AHMSI dated November 9, 2009 stating I was in default. Being tired of the constant harassment, I finally told them to produce the original note and if they could not, then please stop harassing me because it was having an adverse effect on my health. |
| **January 4, 2010** | Denise Tran an employee from AHMSI stated in a phone conversation that the reason my Home Affordable Modification Program was denied because I did not have enough income. Then she proceed to say that I need a letter from my daughter or someone stating that he/she sends me $250.00 monthly for extra help. The harassment continued for the next few months. |
| **March 1, 2010** | I received a package from AHMSI with a modification enclosed which added $19,850.33 to my principle with an increase in my monthly payments to $765.69, and it was placed on an adjustable rate until 2013. |

| | |
|---|---|
| **March 2011** | AHMSI sent me a different loan modification, I don't remember why. Bryan Ray, a negotiator for AHMSI, only gave me a few days to sign and resubmit to their office. I made several attempts to get an explanation about the language within the modification, but the staff at AHMSI were conveniently unavailable for any explanations and I was not allotted ample time to seek legal counsel on the matter; therefore, not given any other option, I was forced to sign the document under duress. |
| **September 2011** | I received a letter from AHMSI dated September 20, 2011, reducing my monthly payment to $520.93 starting in October 2011. This change came about due to an audit conducted by AHMSI. |
| **May 29, 2012** | American Home Mortgage Servicing Inc. (AHMSI) changed their name to Homeward Residential. |
| **December 30, 2012** | I submitted a complaint against AHMSI/Homeward to the Attorney General of Texas in reference to the wrongful treatment and deception I received from the entity/entities. |
| **February 19, 2013** | I called AHMSI/Homeward at 3:46pm and spoke with Nivedita about how my escrow went from having a positive balance of $393.87 to having an escrow shortage of $265.03 and my monthly payments being increased from $520.61 to $558.29. She falsely stated that my insurance premiums had increased, but according to my insurance agent my premiums had remained consistent. |
| **June 22, 2006 through April 5, 2013** | I had paid approximately $65,193.82 in mortgage payments to the many different mortgage servicers assigned. |
| **May 1, 2013 through February 7, 2014** | I never received any other monthly billing statements from any Mortgage Servicer or Bank. The last statement I received was from Homeward Residential in April 2013. |
| **May 10, 2013** | AHMSI/Homeward not accepting my mortgage payments. I hired Attorney Kenneth Grubbs to represent me on my mortgage case. I requested that he find out exactly who should be receiving my mortgage payment. He stated that his fee would be $750.00. |

| | |
|---|---|
| **July 26, 2013** | I received an e-mail from the Consumer Financial Protection Bureau in reference to the complaint that I submitted to the Attorney General against AHMSI/Homeward. Enclosed it had a copy of the response from AHMSI/Homeward with document of the alleged package they stated they sent me back in February 2013. |
| **September 13, 2013** | I received a certified letter from Ocwen Loan Servicing LLC., speaking of a preliminary step to a foreclosure on the mortgage against my property; they also stated "unless I dispute the validity of any portion of the debt, it will be assumed to be valid by Ocwen. This same day I went down to the Bexar County Courthouse to see if there was a possible rationale as to why Ocwen would be sending me any type of correspondence, especially since they had not sent me any legal written or verbal correspondence prior to this date. What I found on file at the Bexar County Courthouse was a Corporate Assignment of Deed of Trust, which I had never seen before, that stipulated Citi Residential Lending Inc. as ATTRONEY-IN-FACT for Argent Mortgage Company LLC., Deutsche Bank National Trust Company as Trustee for Argent Securities Inc. Asset-Backed Pass-Through Certificates, Series 2006-M2 under the Pooling and Servicing Agreement dated August 1, 2006. |
| **September 17, 2013** | I sent Ocwen a certified dispute letter, "Qualified Written Request," under section 6 of the Real Estate Settlement Procedure Act RESPA). Ocwen never responded back to the request. All information given to Attorney Kenneth Grubbs. |
| **October 21, 2013** | I received a letter from a Power Default Services, with no identifying person of contact, stating that my alleged mortgage loan had been referred to their office for foreclosure. |
| **October 25, 2013** | Power Default Services was sent a Debt Collector Validation of Debt and Disclosure Statement to their two separate offices in Atlanta, Georgia and Irving Texas, certified |

| | with return receipt requested. |
|---|---|
| **December 17, 2013** | I received a certified letter from Power Default Services of a Notice of Acceleration of Maturity on Note and Notice of Substitute Trustee Sale. |
| **December 18, 2013 and December 30, 2013** | I paid Attorney Kenneth Grubbs $1,400.00 to stop the foreclosure proceedings on my home at 9930 Spruce Ridge Dr. Converse, Texas 78109. On December 30, 2013 the first affidavit of facts concerning mortgage was filed at the Bexar County Courthouse, Doc#20130262492, Book 16495, Page 1398, 8pgs. |
| **February 7, 2014** | Homestead a 9930 Spruce Ridge Dr. sold at a Substitute Trustee Sale on Bexar County Courthouse steps. |
| **August 22, 2014 at 4:12pm** | Received called from first counsel's office proclaiming having good news. They had received a settlement offer from Baker, Donelson, Bearman, Caldwell & Berkowitz for Ocwen Loan Servicing LLC. Loan Settlement was rejected because Ocwen was already in estoppel from 2013. |
| **September 5, 2014 at 4:02pm** | Received called from previous counsel's secretary stating counsel is withdrawing his services from Plaintiff today. |
| **September 12, 2014** | Previous Counsel took Plaintiff to court for a motion to withdraw from case. |
| **September 23, 2015** | Plaintiff paid the Law Office of Gerald Kubena $200.00 for filing and bond fees to answer the Motion for Summary Judgment. |
| **October 13, 2015** | Received letter from Ocwen Loan Servicing LLC. about misdated letter they sent Plaintiff. |

Although Appellant continues to reside on the premises at 9930 Spruce Ridge Dr. Converse, Texas 78109, this mortgage fiasco has taken a mental and financial toll on her. Appellant posit in her original Appeal that the **"TAIL is not SEPARATE from the HEAD."** All of these Appellees/Defendants acted in concert with one another concurrently and independently. When and how is this madness going to end if consumers as Appellant are not allowed to bring these injustices to the forefront?

**Conclusion**

This Appellant is not an attorney; she is just a retired disabled nurse that is trying to make right a wrong which has been sited upon her, and as such, she does not know the whole law but only those parts that she can discern. When Appellant was represented by counsel (Kenneth Grubbs), she was instructed on a couple of occasions either not to show up in court, and if indeed she showed up, she was instructed not to say anything. Appellant has showed up to all proceedings. As she looks back on the different incidences, she sees why this fiasco has continued on. This Appellant has lost the confidence in legal counsel because it has appeared to be futile in getting the job accomplished and the trust that should be established between her and her counsels.

## Prayer

It is my plea that Cause No. 2014-CI-05864 with Appeal No. 04-15-00663-CV be allowed to proceed forward to trial. Because of the legally and factually insufficient evidence to support the final judgment in favor of Appellees from the District Court due to whatever breach within or outside the court clerks' office, Appellant Theresa F. Jerry respectfully request that the Summary Judgment be reversed (see Exhibit A), that a judgment be rendered that real issues of material facts do exist, therefore the case is not frivolous or without merit, that all claims can proceed to a trial as deemed appropriate, according to Cause No: 2014-CI-05864. Alternatively, Appellant prays that this Court remands this cause to the trial court for further proceedings consistent with its opinion on the issues presented within. Appellant further request that this Court awards her cost of court on appeal, or alternatively, the court cost be awarded in accordance with Rule 139 of the Texas Rules of Civil Procedure (Tex. R. Civ. 139). Appellant prays for such other and further relief that the law and nature of this case require. Therefore, the Appellant signs and submits this brief without prejudice, attesting to the things within this brief to the best of her first-hand knowledge, experience, and the documents reserved to prove the facts so stated.

Respectfully Submitted,

THERESA F. JERRY
NO LEGAL COUNSEL

# EXHIBIT A

# MOTION FOR SUMMARY JUDGMENT TO DEUTSCHE BANK NATIONAL TRUST COMPANY



# COURT OF APPEALS

SANDEE BRYAN MARION
CHIEF JUSTICE
KAREN ANGELINI
MARIALYN BARNARD
REBECA C. MARTINEZ
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
JASON PULLIAM
JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.TXCOURTS.GOV/4THCOA.ASPX

KEITH E. HOTTLE
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

December 15, 2015

Robert D. Valdespino
Valdespino Law Office
5150 Broadway St #506
San Antonio, TX 78209-3261
* DELIVERED VIA E-MAIL *

Cody Peterson
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
1301 McKinney Street, Suite 3700
Houston, TX 77010
* DELIVERED VIA E-MAIL *

Theresa Faye Jerry
9930 Spruce Ridge Dr.
San Antonio, TX 78109

RE: Court of Appeals Number: 04-15-00663-CV
Trial Court Case Number: 2014-CI-05864
Style: Theresa Fay Jerry
v.
Deutsche Bank National Trust Company and Robert Valdespino as Trustee, Et al.

Enclosed please find the order which the Honorable Court of Appeals has issued in reference to the above styled and numbered cause.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,
KEITH E. HOTTLE, CLERK

Luz Estrada
Deputy Clerk, Ext. 53219

cc: Kari Lynn Robinson (DELIVERED VIA E-MAIL)
Bobbie Stratton (DELIVERED VIA E-MAIL)

# EXHIBIT B

# SUBSTITUTE TRUSTEE'S DEED

Our File Number: 2013-06030
Loan Number: 7145452061
Name: THERESA F. JERRY

## SUBSTITUTE TRUSTEE'S DEED

THE STATE OF TEXAS

COUNTY OF BEXAR

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

WHEREAS, THERESA F. JERRY, in order to secure the payment of Note for the sum set forth in said Note, payable to the order of ARGENT MORTGAGE COMPANY, LLC made, executed and delivered to LAWRENCE YOUNG., Trustee, a certain Deed of Trust dated June 22, 2006 in the principal amount of $88,650.00, recorded under County Clerk No. 20060148332 Book 12208 Page 1571 in the Real Property Records of BEXAR COUNTY, TEXAS, to which Deed of Trust and its record reference is here made for a detailed description of said the terms and covenants of said Deed of Trust, and the lands and premises there conveyed; said land being more particularly described as follows:

LOT 23, BLOCK 5, CAMELOT SUBDIVISION, UNIT 63, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9400, PAGE(S) 221-222, DEED AND PLAT RECORDS OF BEXAR, TEXAS.

WHEREAS, it is provided in said Deed of Trust that failure to make any of the payments in the above described Note as the same became due and payable, or failure to comply with any or all of the covenants and conditions of said Deed of Trust, shall, at the option of the legal or equitable owner(s) or holder(s) thereof, mature the whole of said Note and in such event or events and at the request of the owner(s) or holder(s) of said Note secured by said Deed of Trust, the said Trustee or his successors shall enforce said trust by selling the hereinbefore described land and premises according to law, and in accordance with the provisions of said Deed of Trust, all as more fully set out in said Deed of Trust; and

WHEREAS, default was made in the payment of said Note according to the terms, tenor and effect thereof, and the legal or equitable owner(s) or holder(s) of said Note, after all required notices were given, declared the whole Note immediately due and payable and the Trustee named in said Deed of Trust having been removed, the owner(s) and holder(s) of said indebtedness appointed the undersigned as Substitute Trustee, and requested the undersigned to sell said land and premises according to law and in accordance with the provisions of said Deed of Trust, in satisfaction of the indebtedness secured by said Deed of Trust; and,

WHEREAS, the said land above described was advertised for sale, and written notices of sale were posted in accordance with the term of said Deed of Trust and in accordance with the laws of the State of Texas pertaining to the foreclosure under the Deed of Trust, said land having been advertised for sale at least 21 days preceding the date of sale at the Courthouse door of the County above set forth and, if provided by said Deed of Trust, in two other public places in said County, said land having been advertised to be sold at the Courthouse of Bexar County, in the area designated by the Commissioners' Court of such county, pursuant to Sec. 51.002 of the Texas Property Code as amended (or if no area is so designated, in the area immediately (next) adjacent to the location where the Notice of Sale was posted) on January 7, 2014, the said date being the first Tuesday said month; and

WHEREAS, the holder(s) of the debt served written notice of the proposed sale by certified mail at least twenty one (21) days preceding the date of sale on each debtor obligated to pay such debt according to the records of such holder(s) by deposit of the Notice, enclosed in a postpaid wrapper, properly addressed to each debtor at the most recent address shown by the records of the holder(s) of the debt, in a post office or official depository under the care and custody of the United States Postal Service; a copy of such Notice of Sale was filed with the County Clerk of such county at least twenty one (21) days preceding the date of the sale; and

WHEREAS, I, the said Substitute Trustee, did, between the hours of 10:00 AM and 4:00 PM and beginning not earlier than 10:00 AM, or not later than three hours thereafter, on the date for which said sale was advertised, offered the said land and premises for sale at public venue at the Commissioners, Court of such County, pursuant to Sec. 51.002 of the Texas Property Code as amended, or if no area was designated by the Commissioner's Court, the sale was conducted in the area immediately (next) adjacent to the location where the Notice of Sale was posted; and

WHEREAS, at the said sale, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-M2, whose address is c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road , West Palm Beach, FL 33409(hereinafter referred to as "Grantee") bid for said land and premises the sum of $107,264.18, cash, which was the highest bid and best offer therefore, whereupon said land and premises were knocked off and sold for said sum to the said Grantee in accordance with the terms and provisions of said Deed of Trust;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS: That I, the said Substitute Trustee, named and appointed under the terms of said Deed of Trust, acting herein under and by virtue of the power conferred upon me by the said Deed of Trust, and in accordance with the laws of the STATE OF TEXAS, for and in consideration of the sum bid as foresaid, which amount has been applied in accordance with the terms of said Deed of Trust on the indebtedness secured by it, do hereby bargain, sell and convey unto the said Grantee the said hereinbefore described land and premises, together with all and singular the rights and appurtenances to the same in anywise belonging.

TO HAVE AND TO HOLD the said property unto the said Grantee, its successors and assigns forever, in fee simple, and I, the said Substitute Trustee, acting in the capacity and manner aforesaid, by virtue of the power vested in me under the terms of said Deed of Trust, do hereby bind and obligate the said mortgagor, his/her heirs, assigns, executors and administrators to warrant and forever defend all and singular the right and title to said property unto the said Grantee, its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

WITNESS my hand this day, February 5, 2014.

Rob Valdespino, ~~Olivia Valdespino, Martin A. Valdespino, Brenda Rolon, Chance Oliver, Bret Allen, Daniel Feinstein, Stephanie Spurlock, Laterrika Thompkins, Porsche Smiley or Tunisha Jennings~~, Substitute Trustee

THE STATE OF TEXAS

COUNTY OF BEXAR

This instrument was acknowledged before me on February 5, 2014, by, Rob Valdespino, ~~Olivia Valdespino, Martin A. Valdespino, Brenda Rolon, Chance Oliver, Bret Allen, Daniel Feinstein, Stephanie Spurlock, Laterrika Thompkins, Porsche Smiley or Tunisha Jennings~~, Substitute Trustee

(SEAL)

CAROLINE TRUJILLO
Notary Public, State of Texas
My Commission Expires
August 09, 2017

Notary Public in and for the state of Texas



Caroline Trujillo
Printed Name of Notary

Return to: ANGEL REYES & ASSOCIATES, P.C.
5950 Berkshire Lane, Suite 410
Dallas, Texas 75225

# EXHIBIT C

# NOTICE OF SUBSTITUTE TRUSTEE SALE

# Notice of Substitute Trustee Sale

T.S. #: 2013-06030

Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.

Date, Time, and Place of Sale - The sale is scheduled to be held at the following date, time and place:

Date: 1/7/2014

Time: The sale will begin no earlier than 10:00 AM or no later than three hours thereafter. The sale will be completed by no later than 1:00 PM

Place: Bexar County Courthouse in San Antonio, Texas, at the following location: Courthouse; specifically the South steps of the Bexar County Courthouse OR IN THE AREA DESIGNATED BY THE COMMISSIONER'S COURT, PURSUANT TO SECTION 51.002 OF THE TEXAS PROPERTY CODE

Property To Be Sold - The property to be sold is described as follows:

LOT 23, BLOCK 5, CAMELOT SUBDIVISION, UNIT 63, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9400, PAGE(S) 221-222, DEED AND PLAT RECORDS OF BEXAR, TEXAS.

Instrument to be Foreclosed – The instrument to be foreclosed is the Deed of Trust is dated 6/22/2006, and is recorded in the office of the County Clerk of Bexar County, Texas, under County Clerk's File No 20060148332 recorded on 6/23/2006 in Book 12208 Page 1571 of the Real Property Records of Bexar County, Texas.

| | | | |
|---|---|---|---|
| Trustor(s): | THERESA F. JERRY | Original Beneficiary: | ARGENT MORTGAGE COMPANY, LLC |
| Current Beneficiary: | Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-M2 | Loan Servicer: | Ocwen Loan Servicing, LLC |
| | | Current Substituted Trustees: | Deborah Martin or Terri Martin or Deanna Ray, Daniel Feinstein, Stephanie Spurlock, Laterrika Thompkins, Porsche Smiley, and Tunisha Jennings |

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

Terms of Sale - The sale will be conducted as a public auction to the highest bidder for cash, subject to the provisions of the deed of trust permitting the beneficiary thereunder to have the bid credited to the note up to the amount of the unpaid debt secured by the deed of trust at the time of sale. Prospective bidders are strongly urged to examine the applicable property records to determine the nature and extent of such matters, if any. Pursuant to the deed of trust, the beneficiary has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property. Pursuant to section 51.009 of the Texas Property Code, the property will be sold in "as is, where is" condition, without any express or implied warranties, except as to the warranties of title (if any) provided for under the deed of trust. Prospective bidders are advised to conduct an independent investigation of the nature and physical condition of the property. Pursuant to section 51.0075 of the Texas Property Code, the trustee reserves the right to set further reasonable conditions for conducting the sale. Any such further conditions shall be announced before bidding is opened for the first sale of the day held by the trustee or any substitute trustee.

Trustee - whereas, the Trustee named in the Deed of Trust having been removed, the legal holder of the indebtedness described in the Deed of Trust appointed Deborah Martin or Terri Martin or Deanna Ray, Daniel Feinstein, Stephanie Spurlock, Laterrika Thompkins, Porsche Smiley, and Tunisha Jennings or either of them, as Substitute Trustee (each being referred to as the "Substitute Trustee), upon the contingency and in the manner authorized by the Deed of Trust: and

Type of sale - The sale is a non-judicial deed of trust lien and security interest foreclosure sale being conducted pursuant to the power of the sale granted by the deed of trust executed by THERESA F. JERRY. The real property and personal property encumbered by the deed of trust will be sold at the sale in accordance with the provisions of the deed of trust and as permitted by section 9.604(a) of the Texas Business and Commerce Code.

Obligations Secured - The deed of trust provides that it secures the payment of the indebtedness and obligations therein described (collectively the "Obligations") including by not limited to (1) the promissory note in the original principal amount of $88,650.00, executed by THERESA F. JERRY, and payable to the order of ARGENT MORTGAGE COMPANY, LLC; (2) all renewals and extensions of the note; and (3) any and all present and future indebtedness of THERESA F. JERRY to THERESA F. JERRY. Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-M2, is the current owner and holder of the Obligations and is the beneficiary under the Deed of Trust.

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Questions concerning the sale may be directed to the undersigned or to the beneficiary:
Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-M2

c/o Ocwen Loan Servicing, LLC
1661 Worthington Rd., Suite 100
West Palm Beach, FL 33409
561-682-8000

Dated: 12-9-13          Deborah Martin or Terri Martin or Deanna Ray, Daniel Feinstein, Stephanie
                        Spurlock, Laterrika Thompkins, Porsche Smiley or Tunisha Jennings,

Telephone: (866)-960-8299
Fax: (866)-960-8298

AFTER RECORDING, PLEASE RETURN TO:
Power Default Services, Inc.
2002 Summit Boulevard, suite 600
Atlanta, Georgia 30319
Attn: Trustee Department

Doc# 20140020129
# Pages 7
02/07/2014   2:39PM
e-Filed & e-Recorded in the
Official Public Records of
BEXAR COUNTY
GERARD C. RICKHOFF
COUNTY CLERK
Fees $46.00

STATE OF TEXAS
COUNTY OF BEXAR
This is to Certify that this document
was e-FILED and e-RECORDED in the Official
Public Records of Bexar County, Texas
on this date and time stamped thereon.
02/07/2014   2:39PM
COUNTY CLERK, BEXAR COUNTY TEXAS

